FILED
IN OPEN COURT
JUL 14 2022
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:22-CR- 110 |
| | ) | |
| v. | ) | Count 1: 18 U.S.C. § 1344(2) |
| | ) | (Bank Fraud) |
| LEON IAN PARRISH, | ) | |
| also known as "Rocky," | ) | Forfeiture Notice |
| | ) | |
| Defendant. | ) | |

**INFORMATION**

**COUNT 1**

(Bank Fraud)

THE UNITED STATES ATTORNEY CHARGES THAT:

**Introductory Allegations**

At times material to this Information, unless otherwise specified below:

1. Defendant LEON IAN PARRISH, also known as "Rocky," (hereinafter "PARRISH" or "Defendant") resided in Alexandria, Virginia, within the Eastern District of Virginia.

2. Rockdeep, LLC was a limited liability company formed in Maryland on or about April 27, 2018. PARRISH owned and served as the registered agent for Rockdeep, LLC. Rockdeep, LLC held itself out as selling athletic apparel and footwear.

3. No later than in or around August 2018, Rockdeep, LLC rented a storefront in Alexandria, Virginia, within the Eastern District of Virginia.

4. The Columbia Bank, and its successor Fulton Bank, N.A., each were banks the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). The

Columbia Bank and Fulton Bank, N.A. each therefore constituted a "financial institution" for purposes of 18 U.S.C. §§ 20 and 1344.

**Scheme and Artifice to Defraud**

5. Beginning no later than in or around 2018, and continuing through at least in or around 2019, in the Eastern District of Virginia and elsewhere, defendant LEON IAN PARRISH, also known as "Rocky," did knowingly devise and intend to devise a scheme and artifice to obtain the moneys, funds, credits, assets, and other property owned by, and under the custody and control of, a financial institution, namely, The Columbia Bank, by means of materially false and fraudulent pretenses, representations, and promises.

**Purpose and Object of the Scheme**

6. It was the purpose and object of the scheme for PARRISH fraudulently to obtain moneys, funds, credits, assets, and other property owned by, and under the custody and control of, The Columbia Bank.

**Manner and Means of the Scheme**

7. In furtherance of the scheme to defraud, and to accomplish its unlawful objects, the following manner and means were used, among others:

Fraudulent Conduct Relating to the June 2018 Line of Credit

8. In an effort to obtain a line of credit or other funding, in or around 2018, PARRISH began working with a loan broker based in Washington, DC, to assist PARRISH and Rockdeep, LLC in acquiring funding. PARRISH supplied the loan broker with false and fraudulent information and documents, knowing that the broker would pass along the false and fraudulent information and documents to a financial institution or institutions, who in turn would

rely on that false and fraudulent information in determining whether to lend funds to Rockdeep, LLC. For example:

a. PARRISH provided the loan broker with documents that purported to be monthly statements from February 2018 and March 2018 for accounts that Rockdeep, LLC held at CommonWealth One Federal Credit Union ("COFCU"). PARRISH had knowingly fabricated these documents to materially overstate the financial condition of Rockdeep, LLC. The fraudulent statements purported to show that Rockdeep, LLC: (a) held over $3,400,000 in funds in its accounts at COFCU as of February 28, 2018; (b) held over $3,700,000 in funds in its accounts at COFCU as of March 31, 2018; and (c) had received hundreds of thousands of dollars in revenue via the e-commerce website Shopify in each of the months of February 2018 and March 2018. In truth, as PARRISH knew, Rockeep, LLC: (a) held less than $4,000 in its accounts at COFCU as of February 28, 2018; (b) held less than $3,000 in its accounts at COFCU as of March 31, 2018; and (c) had received no more than a few thousand dollars in deposits from Shopify in each of the months of February 2018 and March 2018.

9. On or about April 19, 2018, in furtherance of the scheme, PARRISH completed a Personal Financial Statement that purported to describe his assets and liabilities as of March 19, 2018. PARRISH knowingly made several materially false and fraudulent representations in this Personal Financial Statement, including the following: (a) falsely representing that he held approximately $174,383 in funds in his personal savings accounts; and (b) falsely representing that he owned a residence located on Chalfonte Drive in Alexandria, Virginia, that was valued at $1,310,000. In truth, as PARRISH knew, the defendant's personal savings account held approximately $5 as of March 19, 2018, and he had not purchased and did not own the residence he claimed to own on Chalfonte Drive.

10. In or around May 2018, PARRISH created materially false and fraudulent documents purporting to be monthly bank statements for a savings account and a checking account that he held jointly with a family member at COFCU. The documents that PARRISH fabricated falsely purported to show that, as of May 2018, his joint personal savings account held approximately $174,383.28, and his joint personal checking account held approximately $10,047.56. In truth, as PARRISH knew, these accounts cumulatively held less than $25 as of May 2018.

11. On or about June 28, 2018, in furtherance of the scheme, PARRISH executed a business loan agreement on behalf of Rockdeep, LLC with The Columbia Bank whereby the Bank would extend a $500,000 line of credit to Rockdeep, LLC. PARRISH knowingly made several materially false and fraudulent representations when executing this loan agreement, including but not limited to the following:

a. PARRISH falsely represented that "The representations and warranties set forth in this Agreement, in the Related Documents, and in any document or certificate delivered to [The Columbia Bank] under this Agreement are true and correct."

b. PARRISH falsely represented that "Each of [Rockdeep, LLC's] financial statements supplied to [The Columbia Bank] truly and completely disclosed [Rockdeep, LLC's] financial condition as of the date of the statement, and there has been no material adverse change in [Rockdeep, LLC's] financial condition subsequent to the date of the most recent financial statement supplied to [The Columbia Bank]."

12. On or about June 28, 2018, in furtherance of the scheme, PARRISH executed a guarantee agreement with The Columbia Bank whereby he personally agreed to guarantee full repayment of any funds extended under the line of credit. PARRISH knowingly made several

materially false and fraudulent representations when executing this guarantee agreement, including but not limited to the following:

a. PARRISH falsely represented that he would provide "financial and credit information in form acceptable to [The Columbia Bank], and all such financial information which currently has been, and all future financial information which will be provided to [The Columbia Bank] is and will be true and correct in all material respects and fairly present [PARRISH's] financial condition as of the dates the financial information is provided."

13. On or about June 28, 2018, relying on PARRISH's false and fraudulent representations, The Columbia Bank extended a $500,000 line of credit to Rockdeep, LLC.

Fraudulent Conduct Relating to the November 2018 Term Loan

14. In the Fall of 2018, PARRISH began seeking fraudulently to obtain a term loan for Rockdeep, LLC from The Columbia Bank in addition to the line of credit that the Bank already had extended.

15. On or about October 26, 2018, in furtherance of the scheme, and as a part of applying for the term loan, PARRISH sent an email to The Columbia Bank falsely representing, "Please find ALL the documentation for my financials as well as backup documentation." PARRISH explained that he was attaching to the email "Purchase Orders and LOI's [letters of intent] from FTL [Foot Locker, Inc., an athletic apparel retailer]" and that he was including "Invoices from my factory." Among other things, PARRISH knowingly attached to the email the following false and fraudulent documents:

a. fraudulent documents purporting to be four invoices from Ruixing Footwear, a shoe manufacturer. The documents purported to reflect that Rockdeep, LLC had

purchased more than $5,000,000 worth of merchandise from Ruixing Footwear. PARRISH had fabricated these invoices.

b. a fraudulent document purporting to be a letter from Foot Locker, Inc. The letter claimed that Foot Locker, Inc. had issued a purchase order to buy $6,500,000 worth of merchandise from Rockdeep, LLC. PARRISH had fabricated the letter. In truth, as PARRISH knew, Foot Locker, Inc. had not purchased or agreed to purchase anything from Rockdeep, LLC.

c. a document purporting to be a balance sheet representing the financial condition of Rockdeep, LLC as of September 30, 2018. PARRISH created this document knowing that it materially misrepresented the financial condition of his company. Among other things, the fraudulent balance sheet represented falsely that Rockdeep, LLC held assets including approximately $4,200,000 in inventory associated with Foot Locker and approximately $500,000 in funds at various accounts at COFCU. PARRISH knew that these representations were false, and that in truth, Rockdeep, LLC owned no inventory associated with Foot Locker and that, as of September 30, 2018, the company held a cumulative negative balance across its accounts at COFCU.

16. On or about November 1, 2018, in furtherance of the scheme, PARRISH sent an email to The Columbia Bank inquiring whether the Bank needed PARRISH "to send any further documentation for" the purchases of merchandise that PARRISH claimed, falsely, had been bought by Rockdeep, LLC. An employee of The Columbia Bank involved in reviewing PARRISH's loan application replied, "The September and October bank statements [for the accounts Rockdeep, LLC held at COFCU] would be helpful if you can send those. This will be able to show me the revenue coming in and the purchase order money going out." Later on November 1, 2018, PARRISH replied by email, "Here are copies of both attached." PARRISH

attached to this email two false and fraudulent documents that purported to be the statements for September 2018 and October 2018 for accounts that Rockdeep, LLC held at COFCU. PARRISH had knowingly fabricated these documents to materially overstate the financial condition of Rockdeep, LLC. The fraudulent statements purported to show that Rockdeep, LLC: (a) held over $290,000 in funds in its accounts at COFCU as of September 1, 2018; (b) had received hundreds of thousands of dollars in revenue via the e-commerce website Shopify in September 2018 and October 2018; and (c) had wire transferred over $700,000 to shoe manufacturer Ruixing Footwear in October 2018. In truth, as PARRISH knew, Rockeep, LLC: (a) held less than $30,000 in its accounts at COFCU as of September 1, 2018; (b) received no revenues from Shopify during September 2018 and October 2018; and (c) had not wire transferred any money during September 2018 or October 2018 to Ruixing Footwear.

17. On or about November 30, 2018, in furtherance of the scheme, PARRISH executed a business loan agreement on behalf of Rockdeep, LLC with The Columbia Bank whereby the Bank would issue a $300,000 term loan to Rockdeep, LLC. PARRISH knowingly made several materially false and fraudulent representations when executing this loan agreement, including but not limited to the following:

a. PARRISH falsely represented that "The representations and warranties set forth in this Agreement, in the Related Documents, and in any document or certificate delivered to Lender under this Agreement are true and correct."

b. PARRISH falsely represented that "Each of [Rockdeep, LLC's] financial statements supplied to [The Columbia Bank] truly and completely disclosed [Rockdeep, LLC's] financial condition as of the date of the statement, and there has been no material adverse change

in [Rockdeep, LLC's] financial condition subsequent to the date of the most recent financial statement supplied to [The Columbia Bank]."

18. On or about November 30, 2018, in furtherance of the scheme, PARRISH executed a guarantee agreement with The Columbia Bank whereby he personally agreed to guarantee full repayment of any funds extended under the term loan. PARRISH knowingly made several materially false and fraudulent representations when executing this guarantee agreement, including but not limited to the following:

a. PARRISH falsely represented that he would provide "financial and credit information in form acceptable to [The Columbia Bank], and all such financial information which currently has been, and all future financial information which will be provided to [The Columbia Bank] is and will be true and correct in all material respects and fairly present [PARRISH's] financial condition as of the dates the financial information is provided."

19. On or about November 30, 2018, in furtherance of the scheme, PARRISH executed a commercial security agreement on behalf of Rockdeep, LLC with The Columbia Bank whereby Rockdeep, LLC agreed to pledge collateral to the Bank to secure the term loan that the Bank was extending to Rockdeep, LLC. The collateral that Rockdeep, LLC pledged under this agreement included, among other things, "All inventory . . . accounts . . . documents, deposit accounts . . . .money, other rights to payment and performance, and general intangibles." PARRISH knowingly made several materially false and fraudulent representations when executing this document, including but not limited to the following:

a. PARRISH falsely represented that "To the extent the Collateral consists of accounts, chattel paper, or general intangibles, as defined by the Uniform Commercial Code, the Collateral is enforceable in accordance with its terms, is genuine, and fully complies with all

applicable laws and regulation concerning form, content and manner of preparation and execution, and all persons appearing to be obligated on the Collateral have authority and capacity to contract and are in fact obligated as they appear to be on the Collateral."

20. On or about November 30, 2018, relying on PARRISH's materially false and fraudulent pretenses, representations, and promises, The Columbia Bank funded the term loan and disbursed approximately $299,250 in loan proceeds to PARRISH.

PARRISH Makes Materially False Representations to Avoid Returning the Bank's Funds

21. On or about December 6, 2018, The Columbia Bank inadvertently disbursed approximately $299,250 in additional proceeds based on another copy of the loan documentation for the term loan.

22. On or about December 24, 2018, The Columbia Bank contacted PARRISH to notify the defendant that funds inadvertently had been disbursed to him a second time under the term loan and to attempt to recover the inadvertently disbursed funds.

23. PARRISH subsequently made materially false statements and representations to The Columbia Bank about why PARRISH could not return the inadvertently disbursed funds. For example, PARRISH falsely claimed that he had mistakenly confused the December 6, 2018, deposit from The Columbia Bank for revenue from the e-commerce website Shopify. PARRISH further claimed that because he thought the December 6, 2018, deposit was revenues that his company had earned, he had spent that money paying factories who were supplying him with merchandise. PARRISH further suggested that the supposed revenues from Shopify might have been deposited into a different account, and that once PARRISH located those supposed funds from Shopify, he could use those funds to repay The Columbia Bank for the inadvertently disbursed funds. In truth, PARRISH knew that his company had no substantial deposits from

Shopify and no ready way to repay the inadvertently disbursed funds. Rather, PARRISH had made these statements to avoid the repayment of funds that he knew had been disbursed to him inadvertently.

**Execution**

24. On or about November 30, 2018, at Alexandria, in the Eastern District of Virginia and Elsewhere, defendant LEON IAN PARRISH, also known as "Rocky," knowingly executed and attempted to execute the above-described scheme and artifice, namely, PARRISH executed a series of documents relating to the term loan from The Columbia Bank, including a business loan agreement, a commercial security agreement, and a guarantee agreement.

(In violation of Title 18, United States Code, Sections 1344(2) and 2.)

## FORFEITURE NOTICE

25. Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendant LEON IAN PARRISH, also known as "Rocky," is hereby notified that, if convicted of the offense alleged in Count 1 of this Information, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the violation.

26. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

27. The property subject to forfeiture includes, but is not limited to the following:

a. A sum of money equal to at least $1,097,724, representing the amount of proceeds obtained as a result of the fraud scheme charged in Count 1.

(In accordance with Title 18, United States Code, Sections 982(a)(2)(A); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

Jessica D. Aber
United States Attorney

By: [signature]
Matthew Burke
Assistant United States Attorney