IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:22-cr-110 |
| LEON IAN PARRISH, | |
| Defendant. | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, by and through its undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), files this Position of the United States with Respect to Sentencing of the defendant, Leon Ian Parrish.

The United States has no objections to the information contained in the Presentence Investigation Report ("PSR") and agrees with the probation officer's calculation of the Guidelines range for imprisonment at 37 to 46 months. *See* ECF No. 14. After careful consideration of each of the statutory factors enumerated in 18 U.S.C. § 3553(a), the United States recommends that the Court impose a sentence of imprisonment of 40 months, to be followed by a period of supervised release of two years. Such a sentence would be sufficient, but not greater than necessary, to accomplish the sentencing objectives set forth in 18 U.S.C. § 3553(a).

I.   FACTUAL BACKGROUND

As outlined in the PSR, in June 2018, the defendant created false bank statements and lied on application forms and in order to secure a $500,000 line of credit from the victim bank. PSR at ¶ 30–35. After the bank approved the credit line, the defendant drew nearly the full amount,

$499,224, within a 15-day period. Several months after that first successful fraud on the victim bank, the defendant again lied on application forms and created more false bank statements, as well as false invoices, a false balance sheet, and a false letter of intent, in order to secure a $299,250 term loan from the victim bank. PSR at ¶ 36–42. The bank approved the loan and disbursed the full loan amount to the defendant.

Then, in early December 2018, the victim bank issued the defendant a second disbursement of $299,250 by mistake due to an internal paperwork error. PSR at ¶ 43. The defendant did not alert the victim bank to the error. Nearly three weeks after the mistaken disbursement, the victim bank contacted the defendant and attempted to have the additional funds returned. PSR at ¶ 44. The defendant, knowing that he had received those funds by mistake, lied to the victim bank and gave materially false excuses for why he could not return them. PSR at ¶ 45. In total, the defendant received $1,097,724 from the victim bank as the result of his fraudulent schemes.

On July 14, 2022, the defendant entered a guilty plea to a one-count Criminal Information charging him with bank fraud, in violation of 18 U.S.C. § 1344. ECF Nos. 4–7. Thereafter, the Court ordered the preparation of a PSR and continued the matter to October 7, 2022, for sentencing. ECF No. 5.

## II.   STANDARDS GOVERNING SENTENCING

As the Court well knows, the sentencing Guidelines are advisory and should be taken into consideration with the 18 U.S.C. § 3553(a) factors in making a sentencing decision. *United States v. Booker*, 543 U.S. 220, 264 (2005); *see also United States v. Kimbrough*, 552 U.S. 85, 90 (2007) (stating that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence"). In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court instructed that the sentencing court should calculate the sentencing

Guidelines range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all the § 3553(a) factors, and finally pronounce a sentence taking into account all the relevant factors. *Id.* at 49. The Court further instructed that, in the event that the sentencing court decides to impose a variance, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50 (noting that a "major departure should be supported by a more significant justification than a minor one").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 F. App'x 272, 273 (4th Cir. 2008) (citing *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)). When "rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case." *United States v. Cuthrell*, 475 F. App'x 889, 890 (4th Cir. 2012) (citing *United States v. Carter*, 564 F.3d 325, 328, 330 (4th Cir. 2009)). Ultimately, the court "must state in open court the particular reasons supporting its chosen sentence." *Carter*, 564 F.3d at 328 (quoting 18 U.S.C. § 3553(c)).

Section 3553 states that a court should consider the nature and circumstances of the offense and history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). In addition, it mandates that a court consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The sentence should also protect the public from further crimes of the defendant. 18 U.S.C.

3

§ 3553(a)(2)(C).

### III. THE ADVISORY GUIDELINES RANGE

The Plea Agreement in this case contains a provision in which the defendant and the United States agreed on the appropriate Guidelines calculation of the defendant's offense level. *See* PSR at ¶ 3. That provision outlines a base offense level of 7 for fraud crimes and a 14-level increase to 21 due to the loss amount being greater than $550,000 and less than $1,500,000. *Id*. While the Plea Agreement left unresolved the question of whether U.S.S.G. § 2B1.1(b)(17)(A) & (D) applies in this case, both parties now agree that this provision is properly included in the PSR's calculation of the Guidelines, increasing the offense level to 24. PSR at ¶ 56. Lastly, the defendant and the United States agreed in the Plea Agreement that that the defendant qualifies for a two-level decrease in the offense level pursuant to U.S.S.G. § 3E1.1(a), *see* PSR at ¶ 3, and the United States hereby moves this Court to award an additional one-level decrease in the offense level pursuant to U.S.S.G. § 3E1.1(b).

The above Guidelines calculation results in a total offense level of 21. With a criminal history that falls within category I, the advisory Guideline range is 37 to 46 months' imprisonment.

### IV. 18 U.S.C. § 3553(a) FACTORS

Once the Court has properly calculated the Guidelines range, the Court must then consider the factors identified in 18 U.S.C. § 3553(a) to fashion a reasonable sentence. *Gall v. United States*, 552 U.S. 38 (2007). Here, the 3553(a) factors discussed below support a sentence of 40 months' imprisonment.

The defendant devised a criminal scheme to defraud a bank and he succeeded in securing over one million dollars as a result of his criminal conduct. According to the Statement of Facts, the defendant's financial accounts, both business and personal, had very low balances in the

months before he engaged in the fraud. *See* PSR at ¶¶ 30–32, 37–38. It was under these circumstances that the defendant decided that he would create false financial account statements and lie repeatedly to the victim bank in order to defraud the victim bank into giving his business a line of credit.

As it turned out, this was not a one-time lapse in judgment. Instead, the defendant drew nearly the full $500,000 from that line of credit, and then quickly began developing his next fraud scheme, this time asking the same victim bank for a business loan. In order to justify asking for a loan so soon after receiving the credit line, the defendant created a false letter of intent purporting to be from Foot Locker and saying that they would purchase $6.5 million worth of merchandise from the defendant's business. The defendant also created false invoices purporting to show that the defendant's business had purchased $5 million worth of inventory to fill incoming orders. To complete the fraud, the defendant created false financial account statements and a false balance sheet purporting to show numerous business transactions that, in fact, never took place. When the victim bank mistakenly made a second disbursement of the loan amount, the defendant again lied to the victim bank and invented false excuses to support his refusal to return the funds.

After the defendant's first fraud was successful, he increased the level of his fraudulent behavior in order to accomplish his second fraud. Then, when his schemes yielded even more ill-gotten funds, he told more lies in order to avoid returning those funds. The repeated and progressively escalating nature of the offense warrants a middle-of-the-Guidelines sentence of 40 months' imprisonment.

The defendant agrees that the Guidelines have been calculated appropriately. A sentence at the low end of those Guidelines or below those Guidelines would not adequately reflect the seriousness of this offense, promote respect for the law, provide a just punishment, or afford

adequate general deterrence to this type of criminal conduct. It is important that the public see that that this type of fraud, which the defendant accomplished with relative ease, and which could be repeated by others just as easily, is taken seriously by the Court. A middle-of-the-Guidelines sentence of 40 months' imprisonment is sufficient, but not greater than necessary, to provide a just punishment to the defendant and accomplish the other purposes listed in 18 U.S.C. § 3553(a)(2).

## V.     RESTITUTION, FORFEITURE AND A POTENTIAL PUNITIVE FINE

The defendant owes a restitution obligation to the victim bank, Fulton Bank, N.A., in the amount of $1,097,724, which he agreed to in the Plea Agreement. PSR at ¶ 7.

The Plea Agreement also includes a provision in which the defendant confirms his understanding that, in addition to restitution, forfeiture of assets will also be part of the sentence imposed in this case. PSR at ¶¶ 8–10. A restitution order and a consent order of forfeiture will be presented to the Court at the sentencing hearing, and copies of those proposed orders are attached to this memorandum.

## VI.    CONCLUSION

For the foregoing reasons, the United States requests the Court sentence the defendant to 40 months in prison and impose a two-year term of supervised release, as well as forfeiture and restitution consistent with the parties' agreement. Such a sentence would be sufficient, but not greater than necessary, to accomplish the sentencing objectives identified in 18 U.S.C. § 3553.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:          */s/*         
Jordan Harvey
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 236-3852
Fax: (703) 299-3980
jordan.harvey@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on September 30, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF) of the foregoing to the attorney of record for the defendant.

                                                /s/  
                                  Jordan Harvey  
                                  Assistant United States Attorney  
                                  United States Attorney's Office  
                                  Eastern District of Virginia  
                                  2100 Jamieson Avenue  
                                  Alexandria, Virginia 22314  
                                  Phone: (703) 236-3852  
                                  Fax: (703) 299-3980  
                                  jordan.harvey@usdoj.gov